IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RHYTHM ENGINEERING, LLC,

        Plaintiff,

v.                                                     Case No.  21-2091-JWB

A.D. ELECTRIC, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion to dismiss for lack of personal jurisdiction or, in the alternative, to dismiss for improper venue or transfer venue to the District of Maine.  (Doc. 5.)  The motion has been fully briefed and the court is prepared to rule.  (Docs. 6, 8, 9.)  For the reasons stated herein, Defendant's motion is DENIED.

**I.    Facts**

The facts set forth herein are taken from Plaintiff's complaint and the affidavits of the parties' representatives. To the extent that the affidavits are conflicting, the court will resolve any factual dispute in Plaintiff's favor.  *Old Republic Ins. Co. v. Continental Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).   The court has also considered the exhibits – a purchase order and invoice - that are attached to Defendant's memorandum as they are referenced in the complaint and the parties do not contest their authenticity.  *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997) (finding that the court may consider exhibits that are incorporated into the complaint by reference when deciding a motion to dismiss).

1

Plaintiff Rhythm Engineering, LLC, is a limited liability company with its principal place of business in Johnson County, Kansas. Defendant is a corporation with its principal place of business in Maine. Defendant is not registered to conduct business in Kansas and has no bank accounts, physical offices, or employees in Kansas. (Doc. 6-1 at 2.)

Plaintiff alleges that it entered into a contract with Defendant to furnish products and materials and provide labor for traffic installation work in Portland, Maine. (Doc. 1-1 at 2.) On May 7, 2019, Defendant executed the purchase order contract in Maine. (Doc. 6-1 at 2, 8.) Prior to the execution of the contract, the parties had exchanged written communications over a period of several months regarding the scope, pricing, and timing of the purchase of Plaintiff's products which included traffic monitoring equipment, software, and materials.[1] (Doc. 8-1 at 2.) Plaintiff alleges that it accepted Defendant's offer in Kansas and performed its obligations under the contract. (Doc. 1-1 at 2.) The products purchased by Defendant were manufactured, assembled, and packaged in Lenexa, Kansas by Plaintiff. (Doc. 8-1 at 2.)

On August 14, 2019, Plaintiff submitted an invoice to Defendant in Maine in accordance with the contract. (Doc. 6-1 at 6.) Out of the total $429,950 contract price, $397,950 was related to equipment and materials furnished by Plaintiff. (Docs. 6-1 at 6, 8-1 at 2.) The products ordered

---

[1] In its reply, Defendant argues that this allegation of fact lacks a sufficient foundation and that the court should not consider it in ruling on the motion. (Doc. 9 at 1-2.) In support of its response brief, Plaintiff submitted an affidavit of Richard Cole, Plaintiff's general manager. (Doc. 8-1.) Cole's affidavit states that he has been employed by Plaintiff since January 2019 and that he is familiar with the parties' contractual relationship and the facts and circumstances surrounding the litigation due to his position. Cole's affidavit states that the parties exchanged written and oral communications for several months beginning in September 2018. (*Id.* at 2.) Defendant argues that Cole would not have personal knowledge of any **oral** communications from September 2018 through January 2019 because he was not yet employed by Plaintiff. Defendant does not suggest that Cole's statement regarding written communications is not based on personal knowledge but only attacks the inference that certain oral communications are based on personal knowledge. In Plaintiff's role as general manager, he would have access to company records which could include records of oral communications. *See Univ. of Kansas v. Sinks*, 565 F. Supp. 2d 1216, 1227 (D. Kan. 2008) (considering affidavit which relied on company records). However, Cole does not explain how he became aware of any oral communications prior to his employment nor does he detail the timing of all of the communications. Therefore, the court will only rely on the affidavit in support of the fact that the parties engaged in written communications prior to the execution of the contract.

2

by Defendant were delivered to Maine for installation. Defendant was to install the products on site and Plaintiff sent a representative to Maine to inspect the installation of the products for which Plaintiff charged Defendant $5,000 under the contract. (*Id.*) The contract also included technical support and warranty assistance for a term of five years which was to be performed remotely from Kansas. Although not specified in the contract, this support is for the benefit of the City of Portland, Maine. Plaintiff has continued to perform under the agreement by providing remote support services to the City of Portland, Maine. (Doc. 8-1 at 3.) Plaintiff alleges that Defendant breached the contract by refusing to pay Plaintiff the remaining balance due, late charges, interest, and other fees in the amount of $129,626.59. (Doc. 1-1 at 3.) The payments under the contract were to be submitted to Plaintiff's office in Kansas. (Doc. 8-1 at 3.)

Plaintiff's complaint alleges claims of breach of contract and unjust enrichment. This action was originally filed in the District Court of Johnson County, Kansas. (Doc. 1-1.) Defendant removed the action to this court pursuant to 28 U.S.C. § 1441. (Doc. 1.) In the notice of removal, Defendant alleges that this court has jurisdiction over this matter as the parties are diverse and the amount in controversy exceeds $75,000. Defendant now moves for dismissal on the basis that this court lacks personal jurisdiction over it. Defendant also argues that venue is improper in this court or, alternatively, that this court should transfer venue pursuant to 28 U.S.C. § 1404(a).

**II.    Standard**

On a Rule 12(b)(2) motion to dismiss, a plaintiff must make a prima facie showing that the court has personal jurisdiction over defendant. *Old Republic Ins. Co.*, 877 F.3d at 903. The court must accept the allegations in the complaint as true and resolve all factual disputes in Plaintiff's favor notwithstanding contrary positions by Defendant. *Id.* The court may consider affidavits in

deciding a motion to dismiss based on lack of personal jurisdiction. *Richardson v. Fowler Envelope Co., LLC*, 288 F. Supp. 2d 1215, 1219 (D. Kan. 2003).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1286-87 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id.* at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)).

### III. Analysis

After reviewing the applicable authority herein, the court finds that this court has personal jurisdiction over defendant under Kansas law and that the exercise of jurisdiction does not offend the Due Process Clause. The court further finds that venue is proper in this court and that a transfer of venue is not warranted.

### A. Personal Jurisdiction

The Kansas long-arm statute provides that a person who does certain acts is subject to the jurisdiction of the courts of Kansas if the cause of action arises out of those acts. K.S.A. 60-308(b)(1). One of those acts is to enter "into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state." K.S.A. 60-308(b)(1)(E). Based on the terms of the contract and Plaintiff's affidavit, several acts were to be performed in Kansas. Defendant essentially concedes that the long-arm statute provides a basis for personal jurisdiction here. (Doc. 6 at 6.)

Therefore, pursuant to K.S.A. 60-308(b)(1)(E), jurisdiction over Defendant is legitimate under Kansas law as the contract entered into by the parties required some performance in Kansas. The court will proceed to the due process inquiry.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotations omitted). Therefore, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: "specific jurisdiction" or "general jurisdiction." If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903.

Plaintiff contends that the complaint establishes specific jurisdiction in this matter. Specific jurisdiction applies when a defendant has purposefully availed itself of the privilege of conducting activities in the state and the suit arises out of or relates to a defendant's contacts with the forum state. *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 613-14 (10th Cir. 2012). "Purposeful availment requires actions by the Defendant which create a substantial connection with the forum state...The purpose of this requirement is to ensure that a defendant will not be subject to the laws of a jurisdiction solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (internal citations omitted). To further satisfy specific jurisdiction, Plaintiff's injury "must arise out of or relate to activities that

[defendant] purposefully directed at residents of the forum." *Monge*, 701 F.3d at 617. Plaintiff argues that this action arises out of Defendant's purposeful contacts with Kansas because Defendant entered into the contract with Plaintiff for the sale of the products, which were manufactured and assembled in Kansas, and also contracted with Plaintiff for five years of technical support that Plaintiff was to perform remotely from Kansas for the benefit of the City of Portland. (Doc. 8 at 6.)

Defendant argues in its motion that personal jurisdiction is not established because it does not conduct, solicit, or engage in business in Kansas and it did not sign the contract in Kansas. (Doc. 6 at 7.) Defendant also places great emphasis on the fact that the products purchased from Plaintiff were installed in Maine. Defendant, however, fails to address how its conduct in entering into a contract for the sale of goods manufactured in Kansas and which was negotiated with a Kansas company who expected payment in Kansas does not satisfy specific jurisdiction. Defendant cites to *Walden v. Fiore*, 571 U.S. 277 (2014) for the proposition that the "mere entry into a contract in the forum state is not enough to establish sufficient minimum contacts." (Doc. 9 at 4.) While that is a correct statement of the law, this case involves more contacts with the state than just executing a contract with a Kansas resident.

A finding of specific jurisdiction is based on the facts in a particular case. *See Old Republic Ins. Co.*, 877 F.3d at 903 ("specific (case-linked) jurisdiction"). This court is to consider 1) the parties' negotiations: 2) contemplated future consequences; 3) the terms of the contract; and 4) the parties' actual course of dealing. *Id.* at 910. Here, the evidence viewed in a light most favorable to Plaintiff shows that the parties engaged in months of discussion prior to the execution of the contract. The contract involved the manufacture and assembly of traffic equipment and related products and software in Kansas. The contract also required five years of technical support to be

provided remotely from Kansas.  Defendant argues that those services were to be provided to a third party and, therefore, cannot support a finding that it contracted for a continued relationship with a Kansas company.  Defendant does not cite any authority that would support its position.  The clear terms of the contract required Plaintiff to continue to perform for five years.  Although Plaintiff may have been responding to issues presented by the City of Portland, Plaintiff was contractually required to provide those services under its contract with Defendant.

Based on these facts, the court finds that Defendant has purposefully availed itself of the forum by entering into a contract with a Kansas resident that required the manufacturing and assembling of goods in Kansas.  *See Pedi Bares, Inc. v. P&C Food Markets, Inc*., 567 F.2d 933, 937 (10th Cir. 1977).  This finding is supported by authority in this circuit.  In *Pedi Bares*, the Tenth Circuit held that a nonresident defendant had purposely availed itself of the privilege of acting within the forum state when it "wrote the letter which initiated the transactions," ordered goods "which were manufactured in and shipped from Kansas," and sent payments for the goods to Kansas.  *Id*.

Defendant argues that *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995), supports its position.  In *Towne*, the Tenth Circuit rejected the argument that phone calls and letters were sufficient to establish minimum contacts in Utah.  *Id.*  Notably, however, the contract was to build a power plant in the state of Nevada and the agreement was governed by Nevada law.  This authority is distinguishable from this case as the contract was for the purchase of goods that were to be manufactured and assembled in Kansas.  Therefore, the court finds that Defendant's contacts with Kansas are not random, fortuitous, or attenuated, and that Defendant has "purposefully" availed itself of the privilege of acting within this state.  *Pedi Bares*, 567 F.2d at 937; *Old Republic Ins. Co*., 877 F.3d at 910.

Finally, the court also finds that this action clearly arises out of Defendant's contacts with Kansas. *See Employers*, 618 F.3d at 1160-61. Therefore, Plaintiff has established the requisite minimum contacts between Defendant and Kansas.

Because the court determined that Plaintiff met its burden of showing minimum contacts, the court now must "inquire whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1080 (10th Cir. 2008) (internal quotations omitted). Defendant must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* In making the inquiry, the court reviews "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1289 (10th Cir. 2020). It is "rare" when the exercise of personal jurisdiction offends fair play and substantial justice after determining that there are requisite minimum contacts between the defendant and the state. *Id.*

Defendant has the burden to present a compelling case here and it has not done so. None of the factors the court is to consider weighs definitively in favor of Defendant. Reviewing the first factor, Defendant focuses on the fact that it does not have any business practices in Kansas and that it would be a burden to litigate this matter in Kansas. However, "modern transportation and communications have made it much less burdensome" to defend an action in a state where defendant conducted business. *Employers*, 618 F.3d at 1162. Besides the burden of having to travel to Kansas, Defendant has not identified that its defense "would be hindered by the territorial

8

limits on the [forum's] power to subpoena relevant witnesses, or indeed [be] hampered in any other significant way." *Id.* Defendant states that the witnesses are located in Maine but has not identified those witnesses or introduced any evidence that those witnesses would not appear in Kansas. This factor therefore weighs in favor of Plaintiff.

The second factor also weighs in favor of Plaintiff as Kansas has a "manifest interest" in protecting its residents "against breach of a contract by a nonresident for the purchase of goods made in Kansas." *Pedi Bares, Inc*., 567 F.2d at 937. The third factor considers Plaintiff's interest in obtaining convenient and effective relief. Defendant argues that the relief may not be effective because Plaintiff cannot enforce the judgment against it in Kansas. However, Defendant does not claim that Plaintiff would be unable to register a foreign judgment in Maine. This factor weighs in favor of Plaintiff. Defendant offers no persuasive argument that the remaining factors weigh in its favor.

Defendant also fails to cite to any authority that would support a finding that due process would be offended by the court's exercise of jurisdiction here. The court finds that jurisdiction would not be unreasonable in this case. Defendant's motion to dismiss on the basis that this court lacks personal jurisdiction is denied.

### B. Improper Venue

Next, Defendant argues that venue is improper in this district because a substantial part of the event or omissions giving rise to the claims did not occur in Kansas. (Doc. 6 at 10-11.) In moving for dismissal, Defendant cites to 28 U.S.C. § 1391(b), the general venue statute. This case, however, was not originally filed in this court but was removed from state court. Therefore, § 1391 is not applicable. *See Lundahl v. Pub. Storage Mgmt., Inc.*, 62 F. App'x 217, 218–19 (10th Cir. 2003); *Thermal Components Co. v. Griffith*, 98 F. Supp. 2d 1224, 1231–32 (D. Kan. 2000)

(citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953)). Venue in removal actions is governed by § 1441, *see Thermal Components Co.*, 98 F. Supp. 2d at 1232, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ..., to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because this action was filed in Johnson County, Kansas, removal to this court was proper under § 1441. Defendant's motion to dismiss for improper venue is denied

**C. Transfer Venue**

Finally, Defendant seeks to transfer this action to the District of Maine pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." Courts employ "broad discretion in determining whether to grant a motion to transfer...." *All Brands Distribution, LLC v. Vital Pharm., Inc.*, No. 18-1354-EFM, 2019 WL 4958205, at *1 (D. Kan. 2019). The Tenth Circuit has instructed the courts to weigh the following nine factors when considering whether to transfer venue:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof, questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

Defendant, as the party moving to transfer, bears the burden of establishing that this forum is inconvenient. *Employers*, 618 F.3d at 1167. However, Defendant cannot merely shift the

inconvenience from it to Plaintiff. *Id.* Unless the balance of the factors weighs strongly in favor of Defendant, Plaintiff's forum choice "should rarely be disturbed." *Id.*

In support of its motion, Defendant argues that transfer is appropriate but does not go through all of the factors even though they are cited in Defendant's brief. (Doc. 6 at 12-13.) A review of those factors shows that Defendant has not met its burden and that moving this action to Maine would merely shift the inconvenience to Plaintiff.

The first factor, Plaintiff's choice of forum, weighs in favor of Plaintiff. The second factor, witness convenience, is an important factor. *Employers*, 618 F.3d at 1169. However, Defendant bears the burden to show inconvenience by 1) identifying the witnesses and location; 2) indicating the quality or materiality of their testimony; and 3) showing that "any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* Defendant has not met this burden. Defendant's affidavit simply states that the majority of witnesses are located in Maine. (Doc. 6-1 at 3.) Defendant has not attempted to identify those witnesses, their testimony, or whether they would be unwilling to come to trial in Kansas. Therefore, this factor fails to justify a transfer. *Employers*, 618 F.3d at 1169. The third factor, the cost of making necessary proof, also fails to justify a transfer because Defendant has failed to introduce any evidence of the potential costs of litigating in Kansas versus Maine. *Id.* Defendant's affidavit merely states that litigating this action in Kansas would be a financial burden. (Doc. 6-1 at 3.) This is not sufficient. *See Employers*, 618 F.3d at 1169. Defendant has made no attempt to discuss any of the remaining factors. The court finds that the remaining factors are either neutral or irrelevant. *See id.* at 1170 (declining to address the remaining factors because the movant did not claim those factors supported transfer). Defendant has not identified any obstacle to a fair trial in Kansas nor raised any questions regarding

the enforceability of a judgment against it.  Transferring this action to Maine would merely shift the inconvenience to Plaintiff and its employees.

Therefore, the court finds that Defendant has not met its burden to show that a transfer is justified in this case.

**IV.     Conclusion**

Defendant's motion to dismiss (Doc. 5) or, alternatively, transfer venue is DENIED. IT IS SO ORDERED.  Dated this 7th day of  May  2021.

                                           _s/ John W. Broomes_  
                                           JOHN W. BROOMES  
                                           UNITED STATES DISTRICT JUDGE